IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CARI TERRONES; JAVIER TERRONES, | CIVIL NO. CV 18-00106 DKW RLP (Other Non-Vehicle Tort) |
| Plaintiffs, | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | |
| COSTCO WHOLESALE CORPORATION, ET AL., | Trial Date: May 28, 2019 Judge: Honorable Derrick K. Watson |
| Defendants. | |

MEMORANDUM IN SUPPORT OF MOTION

I.   **INTRODUCTION**

Defendant COSTCO WHOLESALE CORPORATION ("Costco") moves this Honorable Court to compel Plaintiffs CARI TERRONES and JAVIER TERRONES ("Plaintiffs") to produce documents pursuant to their written agreement to do so in response to Costco's request for production of documents. Costco served a document request, seeking, among other things, information concerning damages Plaintiffs claim they suffered as a result of Costco's alleged negligent conduct.  To date, Plaintiffs have not provided such information, despite a Magistrate Judge instructing them to do so, as well as their attorney representing that they would provide said information in both their written response and through a verbal representation over the telephone.  Costco is entitled to the

information necessary to determine whether Plaintiffs' claimed damages are reasonable and whether they were caused as a result of Costco's alleged negligent conduct.

## II.    FACTS

Costco served "Defendant Costco Wholesale Corporation's First Request for Production of Documents and Things to Plaintiffs Cari Terrones and Javier Terrones," ("Request") on June 18, 2018.  See Document 14, "Certificate of Service Re: Discovery Requests to Plaintiffs," filed on June 19, 2018.  The Request contained 11 separate categories of documents related to Plaintiffs' claims and damages.  See Exhibit "A."[1]  In their August 6 Response, Plaintiffs stated in eight of the 11 requests, "See Plaintiff's [sic] production of documents."  Id. at pp. 3-4, at #s 1, 3, 4, 5, 6, 7, 10, and 11.  Plaintiffs have not produced a single document throughout the course of the litigation, despite repeated requests from Defense Counsel subsequent to Plaintiffs' service of that Response.  See Odani Decl. at ¶s 3, 7-14, and 19.

Additionally, the parties attended an early settlement conference on August 16, 2018 with Magistrate Judge Richard Puglisi.  *Plaintiffs* had requested the early settlement conference.  The case did not resolve at the settlement conference, and

---

[1] Since Plaintiffs' written responses include Defendant's requests, Defendant is attaching only the responses as exhibits as a matter of efficiency and ecology.

Magistrate Judge Puglisi instructed Plaintiffs' counsel, Paul Herran, to provide documentation of Plaintiffs' medical specials and wage loss by August 24, 2018 and to then call the Court Clerk to schedule another settlement conference within the next few weeks.  Id. at ¶6.  The Minutes following the settlement conference did not contain all of the details, but at least stated, "Case did not settle. Plaintiff's counsel to contact chambers to schedule a further settlement conference."  See Document 21, "Minutes," filed on August 20, 2018.   Defense Counsel has followed up with Mr. Herran regarding production of documents multiple times by telephone and email, but Plaintiffs have still never produced any documents.  See Odani Decl. at ¶s 7-14, and 19 and Exhibit "B" and "D."

Pursuant to LR26.2(c), the pertinent requests for production, as well as Plaintiffs' written responses, are set out below:

> 1. Any and all documents requested, identified or referred to in your response to Defendant Costco Wholesale Corporation's First Request for Answers to Interrogatories to Plaintiff Cari Terrones and First Request for Answers to Interrogatories to Plaintiff Javier Terrones.
>
> Answer: See Plaintiff's [sic] production of documents.
> ...
> 3. Any and all statements and/or reports made by all witnesses regarding any aspect of the Subject Lawsuit.
>
> Answer: See Plaintiff's [sic] production of documents.

4.  Any and all documents, including but not limited to, memoranda, receipts, bills, e-mails, and notes relating to any damages you allege you have sustained as a result of the Incident.

Answer: See Plaintiff's [sic] production of documents.

5.  Any and all documents and/or tangible evidence which support the allegations contained in the Complaint filed herein.

Answer: See Plaintiff's [sic] production of documents.

6.  Any and all diaries, journals and/or other written records pertaining to any matters, including but not limited to your injuries or claims, for which you seek recovery in this action.

Answer: See Plaintiff's [sic] production of documents.

7.  All of your State and Federal Income Tax returns and W-2 forms for the past six (6) years.

Answer: See Plaintiff's [sic] production of documents.

...

10.  Any and all, non-privileged, investigative reports concerning the Incident.

Answer: See Plaintiff's [sic] production of documents.

11.  Any and all documents which you reasonably anticipate using as exhibits at the trial of this matter.

Answer: See Plaintiff's [sic] production of documents.

See Exhibit "A" at pp. 3-4, at #s 1, 3, 4, 5, 6, 7, 10, and 11.

On a related issue, Plaintiffs also referred to "Plaintiff's [sic] production of

documents" in lieu of providing substantive answers to seven out of 16 of Costco's interrogatories. See Exhibit "C" at pp. 5-7, at #s 6,7,8,9,12,13,and 14. For example, in response to Interrogatory Nos. 9 and 13 to Plaintiff Cari Terrones, she responded as follows:

> 9. State all physical and/or mental injuries or conditions you claim as a result of the Incident.
>
> RESPONSE TO INTERROGATORY NO. 9:
>
> See Plaintiff's production of documents and/or medical release.
> ...
> 13. If you are making a claim for loss of wages, earnings, or income as a result of the Incident, state the name of the person or organization who would have paid you, the amount of each loss with an explanation of how the loss is computed, the inclusive dates payment would have been made and whether you will incur future lost wages, earnings, or income.
>
> RESPONSE TO INTERROGATORY NO. 13:
>
> See production of documents.

See Exhibit "B" at pp. 5-6, at #s 9 and 13.

Plaintiffs' response to the Production request and interrogatories is deficient. Further, the repeated reference to documents they have not produced and the utter failure to produce any documents whatsoever compounds the deficiency.

### III. ARGUMENT

**A.  Plaintiffs Should Be Ordered to Produce All Responsive Documents Pursuant to FRCP Rule 37**

FRCP Rule 37(a)(3)(B)(iv) states in pertinent part:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
> ...
> ...a party fails to produce documents or fails to respond that inspection will be permitted– or fails to permit inspection– as requested under Rule 34.

Plaintiffs did not state they did not have documents responsive to the requests or that no such documents existed. Instead, they implicitly agreed to produce the documents but have failed to do so. The Court should issue an order compelling Plaintiffs to produce these documents immediately.

**B.  Costco Should Be Awarded Fees and Costs for Bringing This Motion.**

FRCP Rule 37(a)(5)(A) states in pertinent part:

> If the motion is granted– or if the disclosure or requested discovery is provided after the motion was filed– the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party of the attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Additionally, LR37.1 provides in pertinent part:

> The Court will not entertain any motion pursuant to Fed.R.Civ.P. 26 through 37, including any request for expedited discovery assistance pursuant to LR37.1(c), unless counsel have previously conferred, either in person or by telephone concerning all disputed issues...in a good faith effort to limit the disputed issues and, if possible, eliminate the necessity for a motion or expedited discovery assistance.

Counsel for Costco has made several attempts to confer with Mr. Herran by telephone and email in order to obtain the documents, but Plaintiffs have failed to produce any documents at all. See Odani Decl. at ¶s 7-14 and 19 and Exhibits "B" and "D." Initially, Mr. Herran verbally agreed to produce the documents when he and Defense Counsel spoke on November 21, 2018. Odani Decl. at ¶s 9-10. Plaintiffs failed to meet these deadlines set by their own counsel. To make matters worse, Mr. Herran has completely ignored the last five attempts to confer with him. Odani Decl. at ¶s 11-14 and 19. Defense Counsel even emailed Mr. Herran two separate dates and six separate times that Defense Counsel agreed to make himself available to meet-and-confer in person or by telephone, at Mr. Herran's convenience. Odani Decl. at ¶s 12-13. On January 11, 2019, Defense Counsel made one final attempt by email to follow up with Mr. Herran, just in case his failure to respond was due to a prolonged vacation. Odani Decl. at ¶19 and Exhibit "D." Defense Counsel finally received a response that came in the form of an email that appeared to be an automated reply stating that Mr. Herran has

"paused" his inbox and would "respond shortly."  Odani Decl. at ¶20 and Exhibit "E."  Plaintiffs have failed, and continue to fail, to produce any documents.

If Plaintiffs needed more time or were having difficulty producing documents, all their counsel had to do was respond to one of the numerous attempts to communicate with him and state so.  Plaintiffs' failure to produce any of the documents that they impliedly agreed in their written responses to produce, in conjunction with their failure to even respond to the numerous attempts to discuss the matter made this motion necessary and merit an award of sanctions.  Trial is set for May 29, 2019.  Plaintiffs' failure to produce any documents, whatsoever prejudices Defendant's ability to prepare for trial.

## IV.   CONCLUSION

Based upon the foregoing, Costco respectfully moves this Honorable Court for 1) an order compelling Plaintiffs to produce documents and 2) an award of attorneys' fees and costs incurred in preparing and arguing this motion.

DATED: Honolulu, Hawaii, January 15, 2019.

/s/ Norman K. Odani
ARTHUR F. ROECA
NORMAN K. ODANI
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION